COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GEORGE A. LANGHORNE

                                        MEMORANDUM OPINION*
v.   Record No. 0810-98-4                  PER CURIAM
                                        NOVEMBER 10, 1998
JOANNE LANGHORNE


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                      James W. Haley, Jr., Judge

            (Sandra C. Graves; Rinehart & Strentz, on
            briefs), for appellant.

            (Owaiian M. Jones, on brief), for appellee.



     George A. Langhorne appeals the decision of the circuit

judge denying his Motion for Entry of an Amended Qualified

Domestic Relations Order.  He contends that the trial judge's

ruling did not comport with the formula in the final decree of

divorce or the recommendations of the commissioner in chancery.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the trial judge's decision.  See Rule 5A:27.

     The record on appeal contains neither a transcript nor a

written statement of facts.  However, we conclude that the record

is sufficient to decide the question raised by Langhorne because

the final decree of divorce stated that the commissioner's report

was adopted "and made a part of this Decree of Divorce."  The

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decree of divorce also provided as follows:

> To facilitate the parties' use of this Decree and as and for information to third parties who may be affected thereby, certain of the Court's findings will be hereinafter set out, but in no event shall this Decree be deemed to be inconsistent with this Court's rulings pursuant to the Commissioner's recommendations.

The decree of divorce further provided that Langhorne's wife was entitled to "forty percent (40%) of the marital share of [Langhorne's] disposable retired pay to be calculated by . . . [a] formula," which is based upon a fraction and described in the decree.  The fraction has as its denominator "total years military service."

Langhorne contends that both the commissioner and the trial judge intended to use as the denominator a number equal to his years of active and reserve service.  Although the record is sufficient for our review, we hold that Langhorne's contention lacks merit.

The commissioner's report described the marital share as a fraction, "the denominator of which is the total number of months of credited service which generate, or which will generate upon future retirement, the retirement benefit."  Although the commissioner found "the total credited service through this writing is 325 months," that finding is clearly subject to the operative language defining the method by which the denominator is to be fixed, i.e., "the total number of months of credited service which generate . . . the retirement benefit."

Furthermore, the commissioner qualified his finding by noting that "[t]he denominator cannot be determined until . . . Langhorne's retirement." At Langhorne's retirement, the plan administrator counted as creditable service only Langhorne's years of active military service.

The marital share was based upon Langhorne's creditable service. See Code § 20-107.3(G)(1). Furthermore, the commissioner's numerical error did not affect the numerator of the fraction. The evidence does not support Langhorne's position that the trial judge could expand his "creditable service" for retirement purposes by requiring the plan's administrator to count his years of reserve service. Langhorne's years of reserve service did not influence his retirement benefits and, thus, are not included in the denominator's specification of "the total number of months of credited service which generate, or which will generate upon future retirement, the retirement benefit." Based upon the precise language of the formula that is contained in the final decree of divorce, we hold that the trial judge did not err by refusing to amend the qualified domestic relations order.

Accordingly, we summarily affirm the decision.

Affirmed.